[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10195
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23546-UU

URI DOWBENKO,

Plaintiff - Appellant,

versus

GOOGLE INC.,
LARRY PAGE,
ERIC E. SCHMIDT,
SERGEY BRIN,
DAVID DRUMMOND,

Defendants - Appellees,

JOHN DOE,
a.k.a. G.D.
a.k.a. Chaospet, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2014)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Uri Dowbenko, proceeding pro se, appeals the district court's dismissal of his amended complaint against Google, Inc., and Google executives Larry Page, Eric Schmidt, Sergey Brin, and David Drummond. After review of the record and the parties' briefs, we affirm.

# I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Mr. Dowbenko, a writer and artist, alleged that Google and/or its employees were responsible for publishing a copyright-protected photograph of himself and a defamatory article about him on the "Encyclopedia of American Loons" website, located at http://americanloons.blogspot.com. Whereas the article does not appear at all in search results from certain other search engines, Google purportedly used algorithms to manipulate its search results so that the article appears immediately below Mr. Dowbenko's own website in Google searches.

Mr. Dowbenko asserted claims against Google, four of its executives, and several anonymous bloggers for defamation, false light invasion of privacy, copyright infringement, and violation of the Racketeering Influenced and Corrupt

2

Organizations Act.[1]  The defendants moved to dismiss the complaint for failure to state a claim.  They argued that § 230 of the Community Decency Act, 47 U.S.C. § 230, preempted Mr. Dowbenko's state law claims, and that the allegations that Google and its officers authored the defamatory content at issue did not pass muster under the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny.  They also argued that the copyright claim failed because Mr. Dowbenko failed to allege that he either registered or applied to register the photograph at issue, and that his RICO claim should be dismissed because he neither pled fraud with the requisite particularity, nor alleged a predicate act, violation of criminal laws, or racketeering activity.

The district court granted the defendants' motion to dismiss.  Because Mr. Dowbenko did not respond to the defendants' arguments concerning the copyright infringement and RICO claims, the district court dismissed those claims "by default."  It also dismissed his defamation and false light invasion of privacy claims, concluding that they were preempted by § 230 of the CDA as to Google and implausible as to the Google executives who were named as defendants.  Mr. Dowbenko now appeals.

---

[1] The anonymous bloggers were never properly served.

3

## II

We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim. *See Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Although the complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, a court may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

We may affirm the district court on any ground supported by the record, "regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

4

## III

On appeal, Mr. Dowbenko contests the district court's conclusion that **§** 230 of the CDA preempts his defamation and false light invasion of privacy claims. He also argues that he adequately pled his copyright and RICO claims.[2]

## A

Mr. Dowbenko contends that the district court erred when it concluded that § 230 of the CDA preempted his state law causes of action. We disagree.

As an initial matter, Mr. Dowbenko's false light invasion of privacy claim fails because Florida law does not recognize such a cause of action. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1100 (Fla. 2008). We therefore proceed to discuss the applicability of § 230 preemption to his defamation claim only.

Under the CDA, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The term "interactive computer service" refers to "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server[.]" *Id*. at § 230(f)(2). The Act defines "information content provider" as

---

[2]We need not address the propriety of the district court's dismissal of the copyright infringement and RICO counts "by default" because we affirm the dismissal of these claims on other grounds. We also affirm the dismissal of these claims on the independent ground that Mr. Dowbenko did not respond to the defendants' arguments in favor of dismissing them below. *See Albra v. Advan, Inc.*, 490 F.3d 826, 828 n.1 (11th Cir. 2007) (declining to consider pro se plaintiff's argument in opposition to a motion to dismiss raised for the first time on appeal).

"any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the internet or any other interactive computer service." Id. at § 230(f)(3). The CDA also preempts any inconsistent state law causes of action, providing that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). *See Almeida v. Amazon.com, Inc.,* 456 F.3d 1316, 1321 (11th Cir. 2006) (recognizing that "[t]he majority of federal circuits have interpreted the CDA to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service") (punctuation omitted).

In keeping with the Act's plain language, the Florida Supreme Court has held that the CDA "expressly bars 'any actions'" under Florida law that conflict with it. *See Doe v. America Online, Inc.*, 783 So. 2d 1010, 1018 (Fla. 2001). *See also Giordano v. Romeo*, 76 So. 3d 1100, 1102 (Fla. 3d DCA 2011) (holding that operator of website that hosted defamatory statements "enjoys complete immunity [under the CDA] from any action brought against it as a result of the postings of third party users of its website.").

Mr. Dowbenko's defamation claim is preempted under § 230(c)(1). It is uncontested that Google is an interactive computer service provider, and the article

6

in question indicates that it was authored and posted by an "information content provider": two anonymous bloggers. Nor does the allegation that Google manipulated its search results to prominently feature the article at issue change this result. *See Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred."). The district court therefore properly dismissed Mr. Dowbenko's state law defamation claim. *See Doe*, 783 So. 2d at 1018; *Giordano*, 76 So. 3d at 1102.

B

Mr. Dowbenko also argues that he properly stated a copyright claim, asserting that the defendants were neither entitled to immunity under § 230(c)(1) nor could prevail on a fair use defense. Mr. Dowbenko misconstrues the defendants' arguments; rather than asserting § 230(c)(1) immunity or a fair use defense as to this particular cause of action, the defendants actually argue that Mr. Dowbenko cannot state a claim because he did not allege that he registered the copyright to the photograph in question in accordance with 17 U.S.C. § 411(a).

Under § 411(a), subject to certain exceptions inapplicable here, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been

7

made[.]"  17 U.S.C. § 411(a).  The Supreme Court recently clarified that, although § 411(a)'s registration requirement is not jurisdictional, it nevertheless amounts to "a precondition to filing a claim."  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

Mr. Dowbenko failed to plead that he registered the copyright to the photograph appearing alongside the allegedly defamatory article at issue.  The mere fact that a photograph of Mr. Dowbenko appeared on a third-party website does not, without more, mean that he has satisfied this "precondition to filing a [copyright infringement] claim."  *Reed Elsevier, Inc*., 559 U.S. at 157.  Dismissal of Mr. Dowbenko's copyright infringement claim was therefore appropriate.

## C

Nor do we agree that dismissal of Mr. Dowbenko's RICO claim was improper.  Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]"  18 U.S.C. § 1962(c).  To state a RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Williams v. Mohawk Indus*., 465 F.3d 1277, 1282 (11th Cir. 2006) (citation and internal quotation marks omitted).  Because Mr. Dowbenko appears to hinge his RICO

claim on a pattern of fraudulent activity, his "substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed.R.Civ.P. 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citing *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007)). To meet this heightened pleading standard, the substantive RICO allegations must include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1380-81 (11th Cir. 1997)

Mr. Dowbenko's allegations fall short of satisfying these standards. As an initial matter, he has not alleged acts qualifying as "racketeering activity" under 18 U.S.C. § 1961(1), and hence has failed to allege a pattern of racketeering activity. Moreover, even if common-law fraud did qualify as "racketeering activity," beyond the bare assertion that the defendants have engaged in fraudulent activity as an enterprise over a number of years, the RICO claim includes no specifics of underlying fraudulent predicate acts on the part of the defendants, much less the

9

heightened level of specificity required under Rule 9(b).  *See Am. Dental Ass'n.*, 605 F.3d at 1291.  Mr. Dowbenko's RICO claim therefore fails.[3]

## IV

The district court's dismissal of Mr. Dowbenko's amended complaint is affirmed.[4]

**AFFIRMED.**

---

[3] Since he has failed to state a claim, Mr. Dowbenko's request for discovery likewise lacks merit.  See *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[4] Because he does not address the issue in his initial brief, Mr. Dowbenko has abandoned any challenge to  the district court's conclusion that his claims against the individually-named Google executives should be dismissed as implausible.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citations omitted).